# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| VINCENT E. SARGENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-CV-12 NAB |
| ) | |
| STEVE LONG, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 149819), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $35.28. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $176.43. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $35.28, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Steve Long (Dir. Of Adult Inst., MDOC); Dave Dormire (Dir. Of Adult Inst., MDOC); Doug Worsham (Sup. Of Religious and Spiritual Programming, MDOC); Robin Norris (Central Office Food Service Coordinator, MDOC); Thomas Shanefelter (Regional Food Service Coordinator, MDOC); Joseph Campbell (Food Service Manager,

SECC); Dwayne Kemper (Deputy Div. Director of Adult Inst., MDOC); Bill Stange (Asst. Warden, SECC); Steve Johnson (Chaplain, SECC) and; Ms. B. Meredith (Functional Unit Manager, SECC). Plaintiff names defendants in their official and individual capacities.

Plaintiff, a practicing Muslim, claims that defendants Shanefelter and Campbell violated his First Amendment rights to freely practice his religion and equal protection rights to be "free from discrimination" when they denied him the same meal as the rest of the general prison population during the religious month of Ramadan. Plaintiff believes that the sack lunch he was given for "fasting" during Ramadan was "tantamount to punishment" for practicing his religious beliefs, a "clear violation of RLUIPA. Plaintiff claims that those of Jewish faith are accommodated with Kosher meals, in addition to allowed to buy food on the Kosher canteen list. He believes that to accommodate fasting Muslims, ready to serve micro-wavable meals should be served from approved vendors. Plaintiff states, in a conclusory manner that Doug Worsham and Robin Norris instituted the rule of serving fasting Muslim inmates sack lunches under the guise of accommodation but this has only resulted in a form of punishment for practicing a sincerely held religious belief. Plaintiff has not produced any facts that have indicated that Worsham or Norris instituted the "sack lunch" rules.

Plaintiff claims that Worsham and Steven Johnson, the Chaplain at SECC, violated his First Amendment rights to freely practice his religion and his equal protecting right to be "free from discrimination" and RLUIPA when they refused he and other Muslims the right to receive religious oil donations (or the right to purchase religious oil) from a valid Islamic vendor. Plaintiff states in a conclusory fashion that Steve Long and Dave Dormire issued the directive not to allow the purchasing of religious oils, but he has not included any statements relating to these two defendants or their issuance of such a directive.

Last, plaintiff asserts that FUM Meredith, Acting Warden Stange and Dwayne Kemper upheld the enforcement of DOC policy I.S. 17-1.1, Sec. (L) § B. Plaintiff believes that the policy violates his right to equal protection and to be free from discrimination, presumably under RLUIPA and/or the First Amendment, by limiting the wearing of a "kufi" to religious practice only. Plaintiff states that the wearing of a "kufi" should not be limited to only during religious practice, or during prayer. Plaintiff states that he is challenging the constitutionality of this practice.

Plaintiff seeks injunctive relief only in this action.

## Discussion

Plaintiff's request to certify a class action will be denied. A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

Plaintiff's claims against defendants in their official capacity will also be dismissed, as naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted with respect to the official capacity claims against defendants.

The Court will issue process or cause process to issue on plaintiff's claims against Thomas Shanefelter and Joseph Campbell, in their individual capacities, against them under the First Amendment, equal protection clause and RLUIPA, for their alleged failure to provide similar meals Muslims during Ramadan as they do to Jewish individuals during their fasting holidays. However, plaintiff's claims against Doug Worsham and Robin Norris for purportedly

"instituting" the "sack lunch" rule are too conclusory to state a claim for relief at this time. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]

The Court will also issue process on plaintiff's claims against Doug Worsham and Steve Johnson, in their individual capacities, under the First Amendment, equal protection clause and RLUIPA, for their alleged failure to allow plaintiff to receive religious oil donations (or the right to purchase religious oil) from a valid Islamic vendor. Plaintiff's claims against Steve Long and Dave Dormire for issuing the alleged directive not to allow such purchases are too conclusory to state a claim for relief at this time. *See Iqbal*, 556 at 678.

The Court also issue process on plaintiff's claims under the First Amendment, equal protection clause and RLUIPA, against FUM Meredith, Acting Warden Stange and Dwayne Kemper, in their individual capacities, that by limiting the wearing of a "kufi" to religious practice only they are limiting his religious freedom.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $35.28 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

---

[1] *See also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.") ; *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983).

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Thomas Shanefelter, Joseph Campbell, Doug Worsham, Steve Johnson, Ms. B. Meredith (SECC, Functional Unit Manager), Bill Stange and Dwayne Kemper in their individual capacities. Defendants, who are MDOC employees, shall be served through the waiver of service agreement the Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Thomas Shanefelter, Joseph Campbell, Doug Worsham, Steve Johnson, Ms. B. Meredith (SECC, Functional Unit Manager), Bill Stange and Dwayne Kemper shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's claim against Doug Worsham for purportedly instituting the "sack lunch" rule in violation of his civil rights is subject to dismissal at this time. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's claims against **all of the defendants in their official capacities** because the complaint is legally frivolous or fails to state a claim upon which relief can be granted with respect to these claims.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Steve Long, Dave Dormire and Robin Norris because,

as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's request for class certification is **DENIED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this \_\_\_\_ day of August, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE