UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| VINCENT E. SARGENT, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:17-CV-12 NAB |
| STEVE LONG, et al., | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**[1]

This matter is before the Court on Plaintiff's Motion to Re-instate Doug Worsham and Robin Norris in Plaintiff's Claim of Halal Meal Accommodations. [Doc. 15.] Defendants did not respond and the time to do so has now passed. Plaintiff's motion is timely filed.

The Court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Parties do not have an absolute right to amend their pleadings even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief must contain a short and plain statement that demonstrates grounds for the court's jurisdiction, showing that the pleader is entitled to relief, and a demand for the relief sought. The pleading standard does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---
[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 13.]

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

Plaintiff seeks leave to re-file his claims against Doug Worsham and Robin Norris, who were dismissed by the Court on August 4, 2017. [Doc. 8.] In support of his motion, Plaintiff provides documents that he contends supports his claims against these defendants for instituting the "sack lunch" rule. Plaintiff, however, did not attach a proposed amended complaint. The Court dismissed these defendants, because the allegations against them regarding the sack lunches were too conclusory to state a claim for relief. Because Plaintiff did not file a proposed amended complaint, the Court is unable to determine the sufficiency of Plaintiff's additional factual allegations against these Defendants. Therefore, the Court will deny Plaintiff's motion without prejudice and allow Plaintiff an additional thirty (30) days to file a motion to amend complaint with an attached proposed amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Re-instate Doug Worsham and Robin Norris in Plaintiff's Claim of Halal Meal Accommodations is **DENIED without prejudice**. [Doc. 15.]

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** an additional thirty (30) days, up to and including February 12, 2018, to file a motion to amend complaint. Plaintiff should include a proposed amended complaint as an attachment to any motion to amend.

**IT IS FURTHER ORDERED** that Plaintiff's request for page substitution is **GRANTED**. [Doc. 16.]

Dated this 12th day of January, 2018.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE