UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| VINCENT E. SARGENT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CV-12 NAB |
| | ) | |
| STEVE LONG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**[1]

This matter is before the Court on Plaintiff Vincent Sargent's second Motion to Amend Complaint. [Doc. 23.] Plaintiff has previously attempted to amend his complaint. [Doc. 16.] Because the Plaintiff did not attach a copy of the proposed amended complaint to the first motion to amend, the Court denied the motion without prejudice. [Doc. 17.] Plaintiff has now filed a second Motion to Amend Complaint. [Doc. 23.] In the present motion, Plaintiff states that "his motion is to further expand on the defendants in the above entitled cause." [Doc. 23.] Plaintiff attached a proposed Amended Complaint and an exhibit to the motion. [Docs. 23-1, 23-2.]

For the following reasons, the Court will deny Plaintiff's second Motion to Amend Complaint and grant Plaintiff an additional thirty days to file an amended complaint. The court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Parties do not have an absolute right to amend their pleadings even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 13.]

prejudice to the non-moving party, or futility of the amendment." *Id.* "A pro se plaintiff who brings a civil rights action should be freely afforded an opportunity to amend his complaint." *Witte v. Culton*, No. 4:11-CV-2036 ERW, 2012 WL 5258789 at *3 (E.D. Mo. Oct. 24, 2012).

"A document filed *pro se* is to be liberally construed … and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Morgan v. Hawthorne Children's Psychiatric Hosp.*, No. 4:11-CV-1746 CEJ, 2013 WL 136467 at *1 (E.D. Mo. Jan. 10, 2013) (quoting *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984)). The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

"It is well-established that an amended complaint [supersedes] an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Recovery Fees Litig.*, 396 F. 3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). In this case, Plaintiff's proposed amended complaint attempts to re-assert claims against former Defendants Robin Norris, Steve Long, and Dave Domire, which were dismissed for being conclusory and failure to state a claim. Plaintiff's proposed amended complaint, however, does not re-allege the remaining claims in the original complaint. Any claim included in the original complaint is deemed waived or abandoned if it is not also included in the amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012). "This Court has recognized, however, that a pro se party may not fully understand the superseding effect of the second pleading." *Macon v. Cedarcroft Health Serv.*, No. 4:12-CV-1481 CAS,

2013 WL 1283865 at *4 (E.D. Mo. Mar. 27, 2013). From the text of Plaintiff's motion, it appears that Plaintiff's intention is not to abandon the claims that he failed to re-allege. The Court previously found that the claims that were not realleged survived frivolity review, therefore, it is unlikely that Plaintiff would elect to abandon those claims.

The Court will give Plaintiff, an additional thirty days until May 25, 2018 to file another motion for leave to file an amended complaint with a proposed amended complaint attached. The names of all of the defendants in the complaint should be included in the caption of the complaint. Fed. R. Civ. P. 10(a). Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief must contain a short and plain statement that demonstrates grounds for the court's jurisdiction, showing that the pleader is entitled to relief, and a demand for the relief sought. The pleading standard does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

**The Court warns Plaintiff that the filing of an amended complaint completely replaces his original complaint and claims that are not re-alleged are deemed abandoned. Further, any new claims in the amended complaint must survive review under 28 U.S.C. § 1915 for frivolousness, maliciousness, and failure to state a claim.**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second Motion to Amend Complaint is **DENIED without prejudice**. [Doc. 23.]

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** an additional thirty (30) days, up to and including May 25, 2018, to file a motion to amend complaint. Plaintiff should include a proposed amended complaint as an attachment to any motion to amend. The proposed amended complaint should include all of the claims that Plaintiff will assert in this action going forward.

Dated this 25th day of April, 2018.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE