# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

VINCENT E. SARGENT,         )
                                      )
      Plaintiff,           )
                                      )
     v.                  )          Case No. 1:17-CV-12 NAB
                                      )
STEVE LONG, et al.,         )
                                      )
      Defendants.       )

## MEMORANDUM AND ORDER[1]

      This matter is before the Court on Plaintiff's Third Amended Motion to Amend Complaint. [Doc. 25.] Defendants did not respond and the time to do so has now passed. Plaintiff's motion is timely filed. For the following reasons, the Court will grant Plaintiff's motion.

### Standard of Review

      The Court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Parties do not have an absolute right to amend their pleadings even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief must contain a short and plain statement that demonstrates grounds for the court's jurisdiction, showing that the pleader is entitled to relief, and a demand for the relief sought. The pleading

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 13.]

standard does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Amendments to a complaint filed *in forma pauperis* must also survive frivolity review under 28 U.S.C. § 1915A(b)(1).

## Discussion

Sargent filed his original complaint on January 17, 2017. [Doc. 1.] The Court ordered Sargent to file an amended complaint on a court ordered form, which he completed on February 21, 2017. [Doc. 6.] On August 4, 2017, the Court dismissed some of the claims in the first amended complaint. Subsequently, Sargent filed two motions to amend complaint [Docs. 15, 23], which were denied without prejudice. [Docs. 17, 24.]

In his most recent proposed second amended complaint, Sargent attempts to re-assert previously dismissed claims against current and former Defendants Robin Norris, Steve Long, Dave Domire and Doug Worsham. The proposed second amended complaint also divides claim 2 into claims 2 and 3 and contains a fourth claim that is listed as claim 3 in the first amended complaint.

The Court will address the proposed revisions individually. First, Sargent attempts to re-assert claims against former defendant Robin Norris and current defendant Doug Worsham in Claim 1. The Court previously dismissed the Claim 1 claims against Doug Worsham and Robin Norris, because Plaintiff's allegations were "too conclusory to state a claim for relief at this time." [Doc. 8.] In the first amended complaint, Sargent alleged the following:

> Doug Worsham, S.R.S.P. and Robin Norris, Cen. Off. F.S.C., collectively instituted the rule of serving fasting inmates a sack lunch under the guise of accommodation, but has only resulted in a form of punishment for practicing your

seriously held religious duty in violation of the 1st amendment right to free practice of religion, the 14th amendment to equal protection and to be free from discrimination, and the R.L.I.P.A.

[Doc. 6 at 7.]  In the proposed second amended complaint, the language is similar and states as follows:

> Doug Worsham, Supervisor of Religious and Spiritual Programming and Robin Norris, Central Office Food Service Coordinator, collectively instituted the rule of serving fasting inmates a sack lunch under the guise of accommodation, but has only resulted in a form of punishment for practicing your seriously held religious duty in violation of the 1st amendment right to free practice of religion, the 14th amendment right to equal protection and to be free from discrimination, and the R.L.U.I.P.A.  Doug Worsham and Robin Norris knew or should have known what their actions entailed and that they were violating my rights as stated above.  (See attached Exhibit A).

[Doc. 25-1 at 2-3.]  The Exhibit A referenced in the proposed amended complaint, a response to an Inmate Resolution Request (IRR), states the following:

> According to the guidelines for Ramadan 2014 provided by Doug Worsham, MDOC Supervisor of Religious/Spiritual Programming, sack meals will be provided for the evening meal for Ramadan participants.  Snack meals (for supper) will be distributed and consumed in a location and manner that the respective institution deems suitable.  Breakfast is served as a hot meal and the evening meal served as a sack lunch as per instructions from Central Office Food Service Coordinator Robin Norris and Supervisor of Religious/Spiritual Programming Doug Worsham. . . . Based on these findings, I cannot support you IRR.

[Doc. 25-1, Ex. A.]  Exhibit A was not attached to the first amended complaint.  Exhibit A indicates that Robin Norris and Doug Worsham were involved in instituting the "sack lunch" rules.  "A statement in a pleading may be adopted by reference elsewhere in the same pleading or

in any other pleading or motion.  A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c); *see also Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1243 (8th Cir. 2006) (per curiam).  Therefore, the Court will allow Plaintiff's claims against Norris and Worsham to proceed.  *See Sterling/Sayyed v. Banks*, 72 Fed. App'x 504, 506 (8th Cir. 2003) (reversal of  pre-service dismissal under 28 U.S.C. § 1915 of inmate's First Amendment claim where attachment to complaint supplied necessary facts).

Next, Plaintiff seeks to renew claims against Steve Long and Dave Domire regarding the donation and purchase of religious oils that were previously dismissed by the Court.  In the first amended complaint, Sargent alleged the following claims against Long and Domire:

> Defendants Steve Long D.A.I. and David Domire D.A.I, did violate my 1st Amendment right to free practice and my 14th amendment right to equal protection, and the R.L.U.I.P.A. when they issued the directive and continued to enforce the practice of not allowing [M]uslims to receive donations or purchase from an Islamic vendor religious prayer oils, even though said oils are recognized as religious property and religious donations and purchases are allowed and facilitated, in violation of the above named rights.

[Doc. 6 at 8.]  The Court previously dismissed this claim as conclusory.  In the proposed second amended complaint, the language is similar and states as follows:

> Defendants Steve Long, D.A.I. and Dave Domire, D.A.I. did violate my 1st amendment right to freely practice my religion, my 14th amendment right to equal protection and the R.L.U.I.P.A., when they issued the directive and continued to enforce the non-rule of not allowing [M]uslims to receive as donations or purchase from an Islamic vendor, religious prayer oils, even though said oils are recognized as religious property and religious donations are allowed in the M.D.O.C. policies that govern the same.  As an inmate in the Missouri Department of Corrections, I am compelled to follow all rules and subsequently, these same rules are to be followed in the administration of inmates.  (See attached rules, Exhibit D, IS 17-1.1, Rules Governing Religious Donations).  Further, the directive that was issued by both

4

> defendants was to discontinue the sale of fragrance oils in the inmate canteen. Somehow from this directive, they have blatantly ignore my rights to practice my seriously held religious beliefs and further, their own rules and regulations governing the same.

[Doc. 25-1 at 4.]

Exhibit D referenced in the proposed amended complaint states the following: "'On April 27, 2011, the DAI Director Steve Long stated, "Oils are available for purchase through the offender canteen; thus, Wardens should not accept any donations of prayer oils.'  This directive is still in place per current DAI Director Dave Domire." [Doc. 25-1 at 9.]

Exhibit D was not attached to the first amended complaint.  Exhibit D indicates that Steve Long and Dave Domire instituted and required enforcement of the policy directive at issue. Because the attachment to the complaint is a part of the pleading and supplies the factual support for the claim, the Court will allow this claim to proceed.

The remaining claims in the proposed Second Amended Complaint are the same as the claims in the currently pending First Amended Complaint. Therefore, Plaintiff's proposed Second Amended Complaint survives frivolity review under 28 U.S.C. § 1915.

Based on the foregoing, the Court will grant Plaintiff's Third Amended Motion to Amend Complaint.  Plaintiff has labeled his proposed Second Amended Complaint as the "Third Amended Complaint."  In actuality, it would be the Second Amended Complaint.  Therefore, the Court will order that the proposed Amended Complaint be amended by interlineation to be titled Second Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Third Amended Motion to Amend Complaint is **GRANTED**.  [Doc. 25.]

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Document 25 and its attachments [Doc. 25-1] as Plaintiff's Second Amended Complaint, hereby amended by interlineation to state "Second Amended Complaint."

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend Case Management Order is **GRANTED**.  [Doc. 26.]

**IT IS FURTHER ORDERED** that the Case Management Order of October 11, 2017 is **AMENDED** as follows:

All discovery in this case must be completed by **August 20, 2018**.

Any motion for summary judgment must be filed no later than **September 20, 2018.** Opposition briefs shall be filed no later than **October 22, 2018** and any reply brief may be filed no later than **November 5, 2018**.  Failure to timely file a motion for summary judgment will waive a party's right to do so before trial.

Dated this 22nd day of June, 2018.


  /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE